```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

MICHAEL RICE,                 :
                              :       NO. 1:05-CV-00779
        Petitioner,           :
                              :
    v.                        :
                              :       **OPINION AND ORDER**
ERNIE MOORE, WARDEN           :
                              :
        Respondent.           :
                              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11) and Petitioner's Objection (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

**I. Background**

Petitioner Michael Rice, an inmate in state custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). The Butler County, Ohio, Grand Jury indicted Petitioner in April 2002 on one count of murder, in violation of Ohio Rev. Code § 2903.02(B), for the murder of Toni Upton (doc. 6). Petitioner entered a plea of not guilty and the case proceeded to jury trial. The jury found Petitioner guilty as charged in the indictment (Id.). On December 23, 2002, the Court sentenced Petitioner to fifteen years to life imprisonment (Id.).

Petitioner, through counsel, filed a timely notice of appeal to the Twelfth District Court of Appeals, raising the

following three assignments of error: 1) the trial court erred to the prejudice of Petitioner when it permitted Lisa Hyde to testify about a conversation she had with Petitioner in a bar some two months prior to the murder, in which Petitioner pulled out a knife and told Hyde he "didn't have a problem with cutting anyone that f***ed with him," and stated he would cut Toni Upton's head off; 2) the trial court erred to the prejudice of Petitioner when it refused to provide instructions to the jury regarding lesser included offenses, and failed to instruct the jury on self-defense as Petitioner stated he may have stabbed the victim so as to protect himself; and 3) the trial court erred to the prejudice of Petitioner when it allowed the State to engage in improper final arguments when the Prosecutor exhorted the jury not to let the Petitioner get away with murder (<u>Id.</u>).  On February 17, 2004, the Twelfth District Court of Appeals rejected Petitioner's arguments and affirmed the judgment of the trial court (<u>Id.</u>).

Petitioner failed to file a timely appeal to the Supreme Court of Ohio (<u>Id.</u>).  Instead, on April 20, 2004, Petitioner filed a <u>pro se</u> notice of appeal and motion for delayed appeal (<u>Id.</u>).  The Supreme Court granted the delayed appeal (<u>Id.</u>), and Petitioner again raised the three alleged errors listed above (<u>Id.</u>).   On October 13, 2004, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (<u>Id.</u>).  On November 30, 2005, Petitioner

filed the instant Petition for Writ of Habeas Corpus, claiming that each of his three alleged errors amounted to violations of his constitutional rights protected by the Fifth, Sixth, and Fourteenth Amendments.  The Magistrate Judge reviewed all pertinent documents and prepared the Report and Recommendation, rejecting Petitioner's arguments (doc. 11).  Petitioner filed his Objection and this matter is now ripe for the Court's consideration.

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge noted that on federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary (doc. 11, citing 28 U.S.C. § 2254(e)(1), McAdoo v. Elo, 365 F.3d 487, 493-94 (6th Cir. 2004), and Mitzel v. Tate, 267 F.3d 524, 530 (6th Cir. 2001)).  The Magistrate Judge also noted that this Court is bound by the state court adjudications unless those decisions are contrary to clearly established federal law, or amount to an unreasonable application of such law (Id., citing Franklin v. Francis, 144 F.3d 429, 433 (6th Cir. 1998)).

Turning to the merits of the Petitioner's first ground for habeas relief, the Magistrate Judge noted that Petitioner claims that the admission of Lisa Hyde's testimony violated Ohio Evid. Rule 403 and the Due Process Clause of the Fourteenth Amendment (Id.).  The Magistrate Judge stated that trial court errors in state evidentiary law do not warrant habeas relief unless

3

the error renders the trial so unfair as to deprive a petitioner of constitutionally protected due process rights (Id., citing McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir.) cert. denied, 543 U.S. 892 (2004), Estelle v. McGuire, 502 U.S. 62, 69-70 (1991)). Noting that the Twelfth District Court of Appeals ruled that the trial court could have reasonably concluded that Hyde's testimony was admissible, the Magistrate Judge concluded that Petitioner failed to show that the state court of appeals' decision was contrary to, or an unreasonable application of, clearly established federal law (Id.). Furthermore, the Magistrate Judge stated that the Sixth Circuit has found that there is no clearly established binding precedent from the United States Supreme Court holding that the admission of prior bad acts evidence violates the Due Process Clause (Id., citing Bugh v. Mitchell, 329 F.3d 496 (6th Cir. 2003), Sifuentes v. Prelesnik, 2006 WL 2347529, *1 (W.D. Mich. Aug. 11, 2006), and Doan v. Voorhies, 2007 WL 894559, *18 (S.D. Ohio March 21, 2007). The Magistrate Judge concluded therefore that admission of Lisa Hyde's testimony was not contrary to, or an unreasonable application of, clearly established federal law (Id.). Consequently, the Magistrate Judge concluded that Petitioner is not entitled to habeas relief on ground one of the petition (Id.).

Considering the merits of Petitioner's second ground for relief, the Magistrate Judge stated that Petitioner asserts the trial court erred in refusing to provide instructions to the jury

4

regarding self-defense and the lesser included offenses of voluntary manslaughter and involuntary manslaughter (Id.). As the Magistrate Judge noted, the Twelfth District Court of Appeals found the evidence in this case did not warrant jury instructions on lesser included offenses or self-defense (Id.).  The Magistrate Judge stated that a federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not on the basis of error of state law (Id., citing 28 U.S.C. § 2254(a) and Pulley v. Harris, 465 U.S. 37, 41 (1984)).  The Magistrate Judge noted that although the United States Supreme Court has found that a defendant in a capital murder case has a constitutional right to have the jury instructed on lesser included offenses in certain situations, the Supreme Court has not held that the Constitution requires the giving of self-defense or lesser-included offense instruction in non-capital cases (Id., citing Beck v. Alabama, 447 U.S. 625 (1980) and Scott v. Elo, 302 F.3d 598, 606 (6th Cir. 2002), cert denied, 123 S.Ct. 1272 (2003)). Reviewing case law, the Magistrate Judge concluded that in the Sixth Circuit, a criminal defendant does not have a constitutional right to self-defense or lesser-included offense instructions in non-capital cases except possibly in the "most unusual circumstances" in which "a fundamental miscarriage of justice is found to have resulted from the arbitrary and

5

unsupportable denial of a lesser included offense instruction in clear defiance of state law" (Id., quoting Bagby v. Sanders, 894 F.2d 792, 795 (6th Cir. 1990)). Turning to the facts of this case, the Magistrate Judge concluded that this case does not involve "most unusual circumstances" where the refusal to give lesser-included offense instructions resulted in a fundamental miscarriage of justice (Id.). Specifically, the Magistrate Judge agreed with the Ohio Court of Appeals that Petitioner failed to substantiate his self-defense claim in that Petitioner failed to show that the force reasonably necessary to repel an attack by the victim required him to stab her five times in the chest (Id.). Moreover, Petitioner failed to show that such force was his only means of escape when he could have exited the vehicle once a knife was drawn (Id.). As to voluntary manslaughter, the Magistrate Judge found the Court of Appeals was reasonable in concluding that the evidence failed to show the stabbing was influenced by a sudden passion or rage brought on by serious provocation (Id.). Finally, the Magistrate Judge agreed with the Court of Appeals that the evidence in this case did not reasonably support both an acquittal on the murder charge and a conviction on an involuntary manslaughter charge to warrant an involuntary manslaughter instruction (Id.)

As for Petitioner's third ground for relief, the Magistrate Judge noted that Petitioner claims his constitutional right to due process was violated when the prosecution engaged in

6

misconduct during the closing arguments (Id.).  The Magistrate Judge stated that in order to be granted relief based on prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process" (Id., quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  The Magistrate Judge explained the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights (Id., citing Macias v. Makowski, 291 F.3d 447, 452 (6th Cir. 2002)).  First, the court must determine whether the challenged statements were indeed improper (Id.).  Upon a finding of impropriety, the court determines if the statements were flagrant, using several factors (Id.).  For purposes of reviewing this matter, the Magistrate Judge assumed that the prosecutor's comment during closing argument was improper (Id.). The Magistrate then applied the several factors used by courts to determine whether the prosecutorial impropriety was sufficiently flagrant to warrant relief (Id.).  The Magistrate Judge found that the prosecutor's single comment, made during closing arguments, with no evidence that the prosecutor manipulated or misstated evidence, was not so extensive as to prejudice petitioner (Id.). The Magistrate Judge thus found that the Ohio Court of Appeals' determination that the jury would have nonetheless convicted Petitioner even absent the prosecutor's comment was not an

unreasonable application of clearly established federal law (Id.). The Magistrate Judge therefore recommended denial of habeas relief on the petitioner's third ground (Id.).

### III. Petitioner's Objections

On September 6, 2007, Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation, arguing that each of his three grounds for relief have merit (doc. 14). As for his first ground for habeas relief, Petitioner again argues that admission of Lisa Hyde's testimony was in violation of the Ohio Rules of Evidence because of temporal remoteness, unreliability, and unduly prejudicial effect (Id.). Petitioner cites several federal cases for the proposition that state law evidentiary rulings can violate the requirements of due process and warrant habeas relief if they are sufficiently egregious (Id., citing Baze v. Parker, 371 F.3d 310, 324 (6th Cir. 2004), Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003), Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000), and Montana v. Egelhoff, 518 U.S. 37, 43 (1996)). Petitioner argues that because admission of Lisa Hyde's testimony violated Ohio evidentiary rules, the admission was sufficiently egregious to warrant habeas relief, Petitioner's constitutional due process rights were violated, and Petitioner was deprived of a fair trial (Id.).

In his second assignment of error, Petitioner argues that the trial court's refusal to instruct the jury on self-defense and

lesser-included offenses violated Petitioner's constitutional rights (Id.). Petitioner cites several cases for the proposition that a defendant in a criminal trial has a right to have the jury instructed on self-defense and lesser-included offenses when there is sufficient evidence (Id. citing Trobetta v. Withrow, 288 F.3d 846 (6th Cir. 2002), and Barker v. Yukins, 199 F.3d 867). Petitioner claims that there was sufficient evidence in this case (Id.). Specifically, Petitioner argues that jury instructions on self-defense should have been given because Petitioner was unable to retreat from the vehicle when the victim pulled a knife and attacked him (Id.). Petitioner next argues that jury instructions on voluntary manslaughter should have been given because the conflict with the victim involved "mutual combat," which has been recognized as sufficient provocation for involuntary manslaughter (Id., citing State v. Shane, 590 N.E.2d 272 (Ohio 1992)). Finally, Petitioner argues that jury instructions on involuntary manslaughter should have been given because the jury could have reasonably found that Petitioner did not kill the victim purposefully (Id., citing Rhodes v. Brigano, 91 F.3d 803 (6th Cir. 1996)).

Petitioner asserts that the trial court refused to give jury instructions on self-defense and lesser-included offenses on the grounds that Petitioner refused to admit causing the death of the victim (Id.). Petitioner alleges that this conditional refusal

9

violated Petitioner's Fifth Amendment right against self-incrimination (Id.). Petitioner also alleges that in denying Petitioner's attorney's efforts to obtain jury instructions on lesser-included offenses, the trial court violated his Sixth Amendment right to assistance of counsel (Id.).

Petitioner's third assignment of error charges that the prosecutor's statements during closing arguments deprived Petitioner of a fair trial (Id.). Petitioner agrees that the Sixth Ciruit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights (Id.). Petitioner argues that in this case the prosecutor's closing argument comments regarding culpability were improper (Id.). Petitioner then argues the improper comments were so prejudicial that his conviction should be overturned (Id.). In support of this statement, Petitioner argues the prosecutor's comments were intentional, flagrant, and that the overall strength of the evidence against Petitioner was weak (Id.). Petitioner argues that the comments were made in the context of a trial that wrongly included the prejudicial testimony of Lisa Hyde, and the trial as a whole was tainted with improper prejudice (Id.). Petitioner compares his case to State v. Keenan, 613 N.E.2d 203 (Ohio 1993), in which the Ohio Supreme Court found that a prosecutor's comments created reversible error (Id.).

**IV. Discussion**

On the first ground for relief, the Magistrate Judge and the Petitioner are in agreement that an egregiously erroneous evidentiary ruling could in some cases rise to the level to warrant habeas relief. On the specific matter of prior bad acts evidentiary rulings, the Magistrate Judge concluded that there is no clear precedent that admission of prior bad acts evidence violates a defendant's constitutional due process rights. Therefore this is not a case in which the state evidentiary ruling "offend[s] some principle of justice so rooted in the tradition and conscience of our people as to be ranked as fundamental." Petitioner's argument that admission of Lisa Hyde's testimony violated the Ohio Rules of Evidence is unavailing because habeas relief is not conditioned upon violations of state law, but rather on clearly established federal and constitutional law. Petitioner has failed to show that admission of Lisa Hyde's testimony violated his federal or constitutional rights.

With respect to Petitioner's second habeas claim and second assignment of error in his Objection, this Court finds well-taken the Magistrate Judge's conclusion that in non-capital cases, as in this one, a defendant's constitutional rights are violated by a trial court's refusal to administer self-defense or lesser-included offense instructions only if such refusal was arbitrary, unsupportable, in clear violation of state law, and resulted in a fundamental miscarriage of justice. On the facts of this case,

11

this Court finds that the trial court could have reasonably refused to administer jury instructions on self-defense, voluntary manslaughter, and involuntary manslaughter. Therefore, this Court finds the Magistrate Judge's conclusion on this issue well-taken.

The Petitioner asserts that the trial court conditioned denial of self-defense and lesser-included offense instructions on Petitioner's denial of responsibility for the death of the victim. The Petitioner contends this conditional denial violated his Fifth Amendment protection from self-incrimination. However, courts have held that when a defendant "presents solely an exculpatory defense, and does not defend upon the ground that he has committed only a lesser crime, it is not error for the trial court to refuse to instruct the jury on a lesser included offense." U.S. v Liefer, 778 F.2d 1236, 1247 (7th Cir. 1985). In this case, it cannot be said that the trial court's refusal to provide instructions on self-defense and lesser-included offenses was an arbitrary and unsupportable violation of the law which resulted in a fundamental miscarriage of justice warranting habeas relief. Bagby v. Sowders, 894 F.2d 792 (6th Cir. 1990).

The Court further finds the trial court did not violate Petitioner's Sixth Amendment right to assistance of counsel when it refused Petitioner's counsel's request for jury instructions on self-defense and lesser-included offenses. The trial court had a reasonable basis for its refusal, and denial of Petitioner's

12

counsel's request did not deprive Petitioner of the assistance of counsel.

As for the third and final ground for relief and Petitioner's third Objection, Petitioner and the Magistrate Judge are in agreement that improper prosecutorial action will warrant habeas relief only if the improper conduct was so egregious as to render the entire trial so unfair that the defendant's rights to due process were violated. The Petitioner cites many cases to support his proposition that the prosecutor's comments were so flagrant as to deny him a fair trial, but only two of those cases are actually in Petitioner's favor. Several of the cases relied upon by Petitioner involve state court determinations of state law, and are therefore inapplicable here (e.g. State v. Keenan, 66 Ohio St.3d 402 (1993)). Furthermore, in several of the federal cases on which Petitioner relies, the courts did not find that the prosecutorial misconduct warranted a new trial (e.g. United States v. Smith, 982 F.2d 681 (1st Cir. 1993), United States v. Clarke, 236 F.3d 777 (6th Cir. 2001)). The cases cited by Petitioner in which a federal court did decide that prosecutorial misconduct warranted relief are distinguishable from the facts of this case. The case of U.S. v. Solivan, 937 F.2d 1146 (6th Cir. 1991), involved the prosecutor improperly implying to the jury that they should act as the conscience of the community and convict the defendants. In the Petitioner's case, the prosecutor merely suggested that the

13

defendant was guilty, not that the defendant should be convicted in order to satisfy a social desire to punish murderers.  In United States v. Carter, 236 F.3d 777 (6th Cir. 2001), the prosecutorial misconduct involved misrepresentations of material evidence in the context of a largely circumstantial case being brought against the defendant.  The facts of that case are far different from the facts of the case at bar.  This Court finds that given the weight of the evidence against the Petitioner, and the fact that the jury was instructed the lawyers' arguments were not evidence, the prosecutor's comment during closing arguments is insufficient as a matter of law to amount to a denial of a fair trial that would warrant habeas relief.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation correct, thorough, and well-reasoned (doc. 11). Accordingly, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation (Id.), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DENIES with prejudice the Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and DENIES leave to proceed on appeal in forma pauperis upon showing of financial necessity.  Finally, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in grounds one, two, or three of the Petition, because

Petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

       SO ORDERED.

Date: April 10, 2008    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge